IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN WINDER,<br><br>　　Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)　No. 2:24-cv-02993-SHL-atc<br>)<br>)<br>)<br>) |

**ORDER DENYING MOTION TO RECUSE JUDGE**

Plaintiff John Winder requests that this Court recuse itself under 28 U.S.C. § 455. (ECF No. 16 at PageID 176.) His motion is missing at least one page—the same page on which he appears to discuss <u>why</u> the Court should recuse itself. (<u>See</u> <u>id.</u> at PageID 176–77.) Nevertheless, although the motion is incomplete, Winder seems to argue that Defendants' counsel improperly contacted the Court in violation of Local Rule 83.6[1] by emailing a proposed order to the Court's ECF email address. (<u>Id.</u> at PageID 176.) But emailing the Court a proposed order is not a violation of the rule against ex parte communication—it is required by Local Rule 7.2(a)(1)(A), and Defendants' counsel copied Winder on the email. (<u>See</u> ECF No. 16-1 at PageID 180.) There being no improper ex parte communication, Winder's motion is **DENIED** as to the undersigned.[2]

**IT IS SO ORDERED,** this 18th day of July, 2025.

　　　　　　　　　　　　　　　　　　　　s/ Sheryl H. Lipman　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　SHERYL H. LIPMAN
　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Winder mistakenly cites Local Rule 83.7, which addresses the Civil Pro Bono Panel. Because Winder's motion discusses a communication sent to the Court, it will be construed under Local Rule 83.6, which prohibits ex parte communications.

[2] Winder also seeks an order of recusal from Magistrate Judge Christoff, who separately addressed this portion of Winder's motion in her own order. (ECF No. 22 at PageID 338.)