# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOHN WINDER, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-02993-SHL-atc |
| | ) |
| AMAZON.COM, INC., et al., | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT & RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DENYING MOTION TO RECUSE

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation and Order on Pending Motions ("R&R"), filed July 18, 2025. (ECF No. 22.) The R&R recommends that the Court grant Defendant Amazon.com Services LLC's motion to dismiss, filed on January 17, 2025 (ECF No. 13), and dismiss Plaintiff John Winder's pro se complaint (ECF No. 2) with prejudice.[1] Winder objected to the R&R on August 29. (ECF No. 28.) Amazon responded to Winder's objections on September 12. (ECF No. 29.) In addition to his objections, Winder also filed a Motion "for Recusal of Judge and Magistrate." (ECF No. 16.)

For the reasons stated below, the Court **ADOPTS** the R&R, **GRANTS** Amazon's motion to dismiss, and **DENIES** Winder's motion for recusal.

## BACKGROUND

This is Winder's second lawsuit arising from a defective video security system he

---

[1] The Magistrate Judge also raised sua sponte the absence of diversity subject matter jurisdiction over this case, in which Winder pled damages of only "$25,000 plus prejudgment and post-judgment interest" and unspecified "additional compensatory and consequential damages" and punitive damages. (ECF No. 22 at PageID 329 n.5.) Because this Order dismisses the case, however, the Court need not address this issue.

purchased from Amazon in 2018, after he lost the first lawsuit in state court in 2024 ("Winder I"). (ECF No. 22 at PageID 328.) The operative facts of this case are the same as in Winder I. Winder ordered a defective video security system from Amazon, which refused to refund the cost of removing and reinstalling a replacement system. (Id. at PageID 329.) He filed Winder I in Shelby County General Sessions Civil Court in July 2019, bringing Tennessee state law claims for breach of products liability, tort, and consumer protection laws. (Id. at 328–29.) After his case was dismissed for lack of prosecution, and then after losing his refiled case in General Sessions, Winder appealed to Shelby County Circuit Court in January 2020. (Id. at 328.) In October 2024, Winder I concluded with summary judgment for Amazon. (Id. at 328–29.) It does not appear that Winder appealed the judgment. (Id. at 329.)

This time around, Winder adds a state law negligence claim to the claims already litigated in Winder I. (Id.) He also filed a motion for default (ECF No. 11), which the Magistrate Judge denied, and a motion to recuse (ECF No. 16), which the Magistrate Judge denied in part, deferring to this Court for final determination. (ECF No. 22 at PageID 339–40.)

Amazon seeks dismissal of the complaint on the basis of res judicata. (Id. at PageID 329.) The R&R recommends granting Amazon's motion and dismissing Winder's complaint with prejudice. (Id. at PageID 339.) Winder timely filed objections to the R&R. (ECF No. 28.)

## APPLICABLE LAW

A magistrate judge may submit to a district judge proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court

reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Winder's objections and Motion for Recusal are addressed below.

## ANALYSIS

**I.      Winder's Objections**

Winder appears to object to three conclusions of law in the R&R.  Thus, the Court reviews only these three conclusions de novo and the rest for clear error.

      A.      Res Judicata and New Facts

Winder first argues that res judicata does not apply to him because he pleads new facts arising "after the rendition of a judgment."  (ECF No. 28 at PageID 348.)

Res judicata or claim preclusion "prevents parties from litigating matters that 'should have been advanced in an earlier suit.'"  Wheeler v. Dayton Police Dep't, 807 F.3d 764, 766 (6th Cir. 2015) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984)).  Res judicata bars a plaintiff from bringing a separate claim arising from the same set of facts when the following circumstances are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."  Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 880 (6th Cir. 1997) (emphasis removed).  "Tennessee res judicata bars 'a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit.'"  Nichols v. Knox Cnty., 718 F. App'x 338, 344 (6th Cir. 2017).  "Two suits are deemed the same cause of action when they

3

arise 'out of the same transaction or series of connected transactions.'" Id.  The concept of a transaction 'connotes a natural grouping or common nucleus of operative facts.'" Id.

Winder argues that res judicata does not apply to a new cause of action based on new facts arising after the first judgment.  (ECF No. 28 at PageID 348.)  Winder's examples of new facts include "repair costs, breach of warranty obligations, and emotional distress" arising from the defective security system.  (Id. at PageID 349.)  But Amazon responds that Winder "fails to identify any facts that occurred after his state-court case was dismissed in 2024."  (ECF No. 29 at PageID 393.)

Indeed, both Winder I and this case arise from the same facts and comprise the same cause of action, all involving the security system he purchased in 2018.  Even the supposed new facts such as repair costs and emotional distress are actually additional alleged damages that grew out of the events of 2018 and were required to be litigated in the first action.  See J.Z.G. Res., Inc. v. Shelby Ins. Co., 84 F.3d 211, 214 (6th Cir. 1996) ("Claim preclusion applies not only to bar the parties from relitigating issues that were actually litigated but also to bar them from relitigating issues that could have been raised in an earlier action.").

Thus, res judicata bars all Winder's claims, supporting dismissal of his complaint.

B.       Res Judicata and Decisions on the Merits

Winder next argues that the dismissal of his first case by summary judgment was not a final decision on the merits, and so res judicata does not apply. (ECF No. 28 at 350–53.)  His reasoning is not entirely clear, but it involves a unique interpretation of Federal Rule of Civil Procedure 41, concerning voluntary dismissals, and the case Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001), about the choice of law for claim preclusion—neither of which applies here.  (ECF No. 28 at 350–53.)  In response, Amazon asserts that

4

summary judgment is a dismissal on the merits.  (ECF No. 29 at PageID 395 (citing Sandlin v. CitiMortgage, Inc., No. 19-cv-02368-JTF-atc, 2021 WL 1581771, at *6 (W.D. Tenn. Mar. 1, 2021) (noting that summary judgment rulings "constitute final decisions on the merits for purposes of res judicata"), reh'g denied, No. 19cv02368-JTF-atc, 2022 WL 22897337 (W.D. Tenn. Nov. 18, 2022)).)

Winder I concluded with a grant of summary judgment in favor of Amazon.  Thus, it was dismissed with a final decision on the merits, and res judicata bars Winder's claims.

       C.       Rooker-Feldman Doctrine

Finally, Winder argues that the Rooker-Feldman Doctrine does not apply to his case because he "is not asking this Court to reverse or review the decision of the Tennessee state court in Winder I," but instead "asserts new federal claims and distinct factual allegations based on post-judgment conduct and independent injuries."  (ECF No. 28 at PageID 355.)

"Rooker-Feldman is a combination of abstention and res judicata."  Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC, 731 F. App'x 431, 434 (6th Cir. 2018).  It bars cases "brought by state-court losers complaining of injuries caused by state-court judgments."  Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Winder asserts that his new claims surrounding the 2018 purchase of the security system "arise from independent legal grounds."  (ECF No. 28 at PageID 356.)  He cites McCormick v. Braverman, 451 F.3d 382 (6th Cir. 2005)—although ascribing to it a fictitious quotation (ECF No. 28 at PageID 356)—for the proposition that Rooker-Feldman does not bar a federal court from hearing new claims that were not adjudicated in state court.  451 F.3d at 392.  That is good law, but unhelpful to Winder.  Even if his current claims are independent of the state-court judgment, which they are not, "the Supreme Court has instructed that preclusion law is the

5

appropriate solution for these independent claims." Id.  So, at the end of the day, the Court need not decide whether Rooker-Feldman applies because Winder's claims, all of which arise from the same operative facts as Winder I, are precluded, as discussed above.

Having reviewed de novo the conclusions of the R&R to which Winder objects and finding no error, and having reviewed the remainder of the R&R and finding no clear error, the Court **ADOPTS** the R&R.

## II.    Winder's Motion to Recuse

Winder also filed what appears to be the truncated first page of a "Motion to Recuse Judge and Magistrate." (ECF No. 16.)  Amazon did not respond to the motion.

As an exhibit to his Motion, Winder attaches an email from Amazon's counsel Bass, Berry & Sims PLC sent to the Magistrate Judge, containing a proposed order in this case. (ECF No. 16 at PageID 180–81.)  Reading between the missing pages, one discerns that Winder interprets the law firm's proposed order as an improper communication between the Magistrate Judge and her former firm, where she has not worked since 2018.[2] (ECF No. 22 at PageID 339.) The Magistrate Judge correctly denied the motion as to her recusal.  See Wells v. United Parcel Serv. Airlines, No. 3:20-cv-00843-DJH-chl, 2022 WL 969623, at *2 (W.D. Ky. Mar. 30, 2022) ("[A] judge's previous professional affiliation with a party's counsel is not on its own a situation where the judge's impartiality would reasonably be questioned." (citing Davis v. Wendy's Int'l, Inc., 187 F.3d 635 (6th Cir. 1999))).  But the Magistrate Judge deferred to the undersigned for a decision on the undersigned's recusal, to the extent that the Motion vaguely requests it.  (ECF

---

[2] In fact, it is a requirement of Local Rule 7.2(a)(1)(A) that parties email the Court proposed orders for all motions, with a few exceptions.  One exception is for motions under Federal Rule of Civil Procedure 12.  Although the Rule 12 proposed order to which Winder objects was not required, it was not inappropriate.

No. 22 at PageID 339.)  Although the Motion's title mentions recusal of "Judge and Magistrate," there is no actionable motion for recusal of the undersigned, except for one word dangling from the end of a sentence fragment—"Chief."

Because the Motion has already been denied in part and because the remainder contains no basis for relief and no request for it, the Motion for Recusal is **DENIED**.

## CONCLUSION

Therefore, the Court **ADOPTS** the R&R, **GRANTS** Amazon's motion to dismiss, and **DENIES** the Motion for Recusal.  Winder's amended complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED,** this 24th day of September, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE